**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARSHAN SINGH, | No. 08-70993 |
| Petitioner, | Agency No. A098-152-538 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and submitted August 10, 2012
San Francisco, California

Before: CALLAHAN and WATFORD, Circuit Judges, and SINGLETON, Senior
District Judge.[**]

Darshan Singh, a native and citizen of India, petitions for review of the

denial of his asylum application on the basis that he lacked credibility. The

Immigration Judge ("IJ"), after agreeing to continue redirect examination to a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for Alaska, sitting by designation.

future date, issued her decision prior to that date. Because the IJ's premature decision denied Mr. Singh due process of law, we vacate the decision by the Board of Immigration Appeal ("BIA") and remand this case to the BIA to allow Mr. Singh redirect examination.[1]

**1.** Although a petitioner must exhaust his administrative remedies, *see* U. S. C. § 1252(d)(1), we have held that "we do not employ the exhaustion in a formalistic manner," and require that the petitioner has put the BIA on notice as to the specific issues so that it has an opportunity to pass on those issues. *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008). Despite respondent's argument to the contrary, we find that Mr. Singh adequately presented his due process argument to the BIA.

**2.** "Claims of due process violations in deportation proceedings are reviewed de novo." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (citing *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). In *Ibarra-Flores*, we reiterated our holding in *Colmenar* that "an alien who faces deportation is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Id.* Accordingly, the BIA's decision "will be reversed on

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, . . . and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violations." *Id*. at 620-21 (internal quotation marks and citation omitted).

Here, despite respondent's counsel's insistence at oral argument to the contrary, we determine that the IJ's premature decision denied Mr. Singh "a full and fair hearing on his claims and a reasonable opportunity to present evidence on his behalf." *See Colmenar*, 210 F.3d at 971. The IJ's offer to continue redirect examination to a later date may have been based on Mr. Singh's need for time to respond to the respondent's assertions concerning Mr. Singh's actions when he served in the Indian Army in Sri Lanka. However, the IJ did not hear redirect at the hearing and set all redirect over to the continued date. The IJ's issuance of a decision before Mr. Singh had an opportunity to present evidence and testimony on redirect was fundamentally unfair and prevented him from reasonably presenting his case.

Furthermore, the premature decision was prejudicial because a number of the reasons given by the IJ for finding that Mr. Singh was not credible might well have changed had Mr. Singh had the opportunity to present testimony on redirect.

3

For example, Mr. Singh might have explained his confusion concerning questions pertaining to whether the terrorists who kidnaped him also sought to recruit him, and that his brother-in-law is also his friend. On this record the outcome of the proceedings may be affected by Mr. Singh's testimony and the evidence on redirect examination. *See Ibarra-Flores*, 439 F.3d at 621.

The petition is GRANTED, the Board of Immigration Appeal's decision is VACATED, and this case is REMANDED for further proceedings.